UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEONARD JENKINS,

        Plaintiff,                          Case No. 2:14-cv-248
                                            JUDGE GREGORY L. FROST
       v.                                    Magistrate Judge Norah McCann King

GARY C. MOHR, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the Magistrate Judge's September 23, 2014 Report and Recommendation (ECF No. 33), Plaintiff's objections (ECF No. 37), and Defendants' response (ECF No. 39). For the reasons that follow, the Court finds the objections not well taken and adopts the Report and Recommendation.

### I.    Background

Plaintiff, Leonard Jenkins, is an Ohio inmate. He is a paraplegic who must use a catheter to urinate. Defendants provide Plaintiff with three catheter kits per week, which necessitates cleaning and re-using the catheters. Plaintiff asserts that each catheter is for a single use only and that by forcing him to re-use catheters, Defendants are acting with deliberate indifference to his medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He also alleges that Defendants have been similarly indifferent to treating related infections and multiple pressure sores that he has sustained. Plaintiff filed a complaint under 42 U.S.C. § 1983.

Multiple defendants filed motions to dismiss the complaint. (ECF Nos. 23, 24.) The Magistrate Judge subsequently filed a Report and Recommendation in which she analyzed the

1

parties' arguments, concluded that Plaintiff had failed to present claims upon which this Court could grant relief, and recommended that the Court grant the motions and dismiss all claims against Defendants Gary Mohr, Andrew Eddy, Arthur Hale,[1] Brianna Bertok, Anthony Ayres, and John Gardner.  Plaintiff objected to this recommendation.  Briefing on the objection has closed, and the Report and Recommendation and objection are ripe for disposition.

## II.  Discussion

### A.  Standard Involved

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

### B. Analysis

In his objections, Plaintiff continues to reiterate his prior arguments that Defendants are failing to provide him with a sufficient number of catheters in contravention of the manufacturer's instructions and his constitutional rights.  But as the Magistrate Judge explained at length in her Report and Recommendation, Plaintiff is simply incorrect as to the proper use of catheters.  The Court need not repeat the Magistrate Judge's thorough analysis here, but incorporates said analysis by reference.  There re-use of catheters in this context does not present a viable § 1983 claim.

---

[1]  The Report and Recommendation erroneously refers to Dr. Hale as "Andrew Hale," not "Arthur Hale."  This scrivener's error is of no importance to the analysis and disposition of the claims against this defendant.

Plaintiff also objects to the Report and Recommendation on the grounds that the Magistrate Judge failed to address his claim that Defendant Mohr has implemented a clandestine cost-cutting policy that underlies the re-use of catheters and the wound care treatment that Plaintiff has received as a result of that policy. The Magistrate Judge expressly discussed at some length the alleged policy in regard to the pressure sores care issue. What Plaintiff overlooks in making this objection is that even if there is indeed a cost-cutting policy behind the provision of medical supplies and services, the supplies and services that Plaintiff is receiving nonetheless satisfy the Constitution. In other words, the Magistrate Judge correctly rejected the contingent policy and related treatment components of Plaintiff's case when she rejected his underlying catheter claim and rejected his "preferred treatment" claim. There is no deliberately indifferent provision of medical care here that implicates the Eighth and Fourteenth Amendments, even if there might be less than optimal treatment or even negligence in some regards.

### III.     Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 37), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 33), and **GRANTS** both the motion to dismiss (ECF No. 23) filed by Defendants Gary Mohr, Andrew Eddy, Arthur Hale, Brianna Bertok, and Anthony Ayres and the motion to dismiss (ECF No. 24) filed by Defendant John Gardner.

This leaves one named defendant, Tobbi Reeves-Valentine. In the Report and Recommendation, the Magistrate Judge noted that Plaintiff had failed to request or complete service on this defendant. The Magistrate Judge ordered Plaintiff to show cause within fourteen days why the claims against Reeves-Valentine should not be dismissed pursuant to Federal Rule

of Civil Procedure 4(m).  In his objections, Plaintiff expressly states that he has no objection to such a dismissal of Reeves-Valentine.  *See* ECF No. 37, at Page ID # 181.  Therefore, the Court also **DISMISSES** the claims against Reeves-Valentine pursuant to Rule 4(m).

The Clerk shall enter judgment in accordance with this Opinion and Order and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE